No. 17-10253

# In the
# United States Court of Appeals
# For the Fifth Circuit

TRENT TAYLOR
Plaintiff-Appellant,

v.

MELISSA OLMSTEAD, Correctional Officer, Individually and in her official capacity
Defendant - Appellee

On Appeal from the United States District Court for the
Northern District of Texas, Lubbock Division
Cause No. 5:14-CV-149

APPELLEE'S MOTION TO DISMISS

| | |
|---|---|
| KEN PAXTON<br>Attorney General of Texas | LACEY E. MASE<br>Chief, Law Enforcement<br>Defense Division |
| JEFFREY C. MATEER<br>First Assistant Attorney<br>General | ARIEL N. WILEY*<br>Assistant Attorney<br>General |
| BRANTLEY STARR<br>Deputy First Assistant<br>Attorney General | OFFICE OF THE ATTORNEY<br>GENERAL<br>P.O. Box 12548<br>Austin, Texas 78711-2548 |
| JAMES E. DAVIS<br>Deputy Attorney General<br>for Civil Litigation | Tel: (512) 463-2080<br>Fax: (512) 936-2109<br>Counsel for Appellees<br>*Attorney-In-Charge |

**ATTORNEYS FOR DEFENDANT-APPELLEE**

**TO THE HONORABLE JUSTICES OF THE FIFTH COURT OF APPEALS:**

Appellee Melissa Olmstead, pursuant to Rule 42 & 27(a) FED. R. APP. PROC., moves this Court to dismiss Appellant Trent Taylor's appeal for a lack of jurisdiction. The Court is required to examine the basis of its jurisdiction, even on its own motion. *Hill v. City of Seven Points*, 230 F.3d 167, 169 (5th Cir. 2000). In support, Olmstead states as follows:

## II.
## MOTION TO DISMISS APPEAL

Olmstead moves to dismiss Taylor's appeal due to this Court's lack of jurisdiction.

Before filing the current appeal in Cause No. No. 17-10253, Taylor filed three previous related to the same district court filing; Causes No. 16-10498, 16-11355, and 16-11326. In Cause No. 16-10498, he filed an appeal from the granting in part of Defendants' Motion to Dismiss. ROA.516, ROA.530, ROA.538. This appeal is pending before the Court. In Cause No. 16-11355. Taylor filed an appeal from the district court, regarding a denial for a motion for appointment of counsel. ROA.601 and ROA.627. This appeal is pending before the Court.

In Cause No. 16-11326, Taylor appealed issues from the granting of Defendants' Motion for Summary Judgment. ROA.816. Defendants' summary judgment was granted on January 5, 2017. ROA.816. This dismissal was a partial judgment pursuant to FED. R. CIV. P. 54(b). Taylor attempted to appeal the summary judgment decision out of time. ROA.933. Taylor's appeal was docketed as Cause No. 16-11326. ROA.943. However, this Court denied the appeal because it was untimely, and for lack of jurisdiction. ROA.943. Therefore, Taylor cannot attempt to resurrect these issues in a new appeal.

In the current appeal, Cause No. 17-10253, Taylor has raised three issues in his opening Brief. First, whether the prison officials acted with deliberate indifference to expose him to a substantial risk of serious harm. Appellant's Brief in Cause No 17-10253 at p. i.  More specifically, Taylor is challenging whether the District Court should have granted summary judgment in the Defendants' favor. Appellant's Brief in Cause No 17-10253 at p. i.

This issue is the same issue raised in Cause No. 16-11326 and has been ruled upon by this Court. This issue is barred and no longer appealable.

The second issue in Taylor's opening Brief in Cause No. 17-10253 is whether Defendants Rojas, Martinez, Ortiz, and Orr were deliberately indifferent to his medical needs. Appellant's Brief in Cause No 17-10253 at p. ii. These issues were dismissed by this Court in Cause No. 16-11326. ROA.943. As these claims were untimely and dismissed for lack of jurisdiction. ROA.943. Taylor cannot attempt appeal these claims again.

Finally, Taylor is appealing his claims against Defendant Warden Stevens, claiming that he made improper policies and failed to properly train his subordinates. Appellant's Brief in Cause No 17-10253 at p. ii. These supervisory claims were raised in Cause No. 16-10498 and 16-11326. As noted above, Cause No. 16-10498 remains pending before this Court and Cause No. 16-10498 has been dismissed.

Taylor is attempting to resurrect the issues that have been previously ruled upon by this Court or are pending before this Court; as such, these issues are not viable in this appeal, Cause No. 17-10253. Thus, this Court lacks jurisdiction over these claims. When Taylor filed his notice of appeal for Cause No. 17-10253, his only viable claim was against Olmstead for the issues presented at trial. ROA.1092. All other claims have already been appealed, or denied for lack of jurisdiction.

Taylor is not appealing any issues that were presented at trial or any issues against Olmstead. As such, the Court lacks jurisdiction over Taylor's claims, and his appeal should be dismissed.

## III.
## EXTENSION OF TIME

Should the Court find that Taylor's appeal should not be dismissed, Olmstead respectfully moves for an extension of time to file her response brief. Olmstead's brief is due on June 23, 2017. An extension of time would allow the Court an opportunity to rule on the merits of Olmstead's motion to dismiss, and give Olmstead the ability to respond to any of Taylor's remaining claims.

## IV.
## REQUEST FOR RELIEF

Pursuant to Rule 4(1)(A), and 4(4)(A)(iv) FED. R. APP. PROC., Olmstead requests this Court to dismiss Appellant's appeal with prejudice for a lack of jurisdiction.

Respectfully submitted,

**KEN PAXTON**
Attorney General of Texas

**JEFFREY C. MATEER**
First Assistant Attorney General

**BRANTLEY STARR**

Deputy First Assistant Attorney General

**JAMES E. DAVIS**
Deputy Attorney General for Civil Litigation

**LACEY E. MASE**
Chief
Law Enforcement Defense Division

*/s/ Ariel N. Wiley*
**ARIEL N. WILEY**
Assistant Attorney General
*Attorney-in-Charge*
State Bar No.24093366

P. O. Box 12548, Capitol Station

Austin, Texas 78711
(512) 463-2080 / (512) 936-2109 Fax
Ariel.Wiley@oag.texas.gov

**ATTORNEYS FOR APPELLEE OLMSTEAD**

## NOTICE OF ELECTRONIC COMPLIANCE

I, **Ariel N. Wiley**, Assistant General of Texas, do hereby certify that I have electronically submitted for filing, a true and correct copy of the above and foregoing**,** in accordance with the Electronic Case Files System of the Fifth Circuit Court of Appeals on this the 16th day of June of 2017.

Counsel further certifies that 1) required privacy redactions have been made in compliance with the Fifth Circuit Rule 25.2.13; 2) the electronic submission is an exact copy of the paper document in compliance with Rule 25.2.1.

/s/ *Ariel N. Wiley*
Assistant Attorney General

### CERTIFICATE OF SERVICE

I, **Ariel N. Wiley**, Assistant Attorney General of Texas, hereby certify that a copy of the forgoing document has been served on June 16, 2017, by United States mail on Trent Taylor, TDCJ No.01691384, Connally Unit, 899 FM 632 Kenedy, Texas 78119, Appellant *Pro Se*.

/s/ *Ariel N. Wiley*
Assistant Attorney General

### CERTIFICATE OF COMPLIANCE

As required by Federal Rule of Appellate Procedure 32(a)(7)(C), and pursuant to 5th Cir. Rule 25.2, I certify that:

1. This brief complies with the type-volume limitations of Rule 32(a)(7)(B) because this motion contains 1172 words.
2. This brief complies with the typeface requirements of Rule 32(a)(5) and the type-style requirements of Rule 32(a)(6) because this brief

has been prepared in a proportionally spaced typeface using Microsoft Word 14-point Century Schoolbook font.

3. The electronic version of this brief is an exact copy of the paper version, includes the required privacy redactions under 5th Cir. Rule 25.2.13, and has been scanned and reported free of viruses by the most recent version of a commercial virus-scanning program.

*/s/ Ariel N. Wiley*
Assistant Attorney General
